IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BRADLEY MANNING                §
AKA CHELSEA MANNING,           §
                               §
              Petitioner,      §
                               §
V.                             §    Civil Action No. 4:14-CV-513-Y
                               §
UNITED STATES OF AMERICA,      §
                               §
              Respondent.      §

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Christopher Donnelly purportedly as "next friend" on behalf of Petitioner, Bradley Manning, aka Chelsea Manning.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed without prejudice for lack of jurisdiction.[1]

I.  Factual and Procedural History

Donnelly asserts Petitioner is in custody in Leavenworth, Kansas. However an inmate search on the Federal Bureau of Prisons website reflects zero results for search "Bradley Manning." *See* U.S. Department of Justice, Federal Bureau of Prisons/Inmate Locator, *available at* http://www.bop.gov. Therefore, Petitioner's whereabouts are unknown.

---

[1]Connelly did not pay the $5.00 filing fee or file an application for Petitioner to proceed in forma pauperis.

II.   Discussion

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government. Therefore, no service has issued upon Respondent.

The only district that may consider a habeas corpus challenge pursuant to § 2241 is the district in which the prisoner is confined at the time the § 2241 petition is filed. *Rumsfeld v. Padilla,* 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel,* 244 F.3d 370, 375 n.5 (5th Cir.2001). There is no evidence that Petitioner is confined in this district or that he was confined in this district when the petition was filed. Therefore, this Court lacks jurisdiction over the § 2241 petition.

Even if it were shown that Petitioner was incarcerated in this district at the time of filing, Donnelly has not established the propriety of his status as "next friend." The Supreme Court has spoken on the issue:

> A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly

dedicated to the best interests of the person on whose
behalf he seeks to litigate, and it has been further
suggested that a "next friend" must have some significant
relationship with the real party in interest.  The burden
is on the "next friend" clearly to establish the
propriety of his status and thereby justify the
jurisdiction of the court.

These limitations on the "next friend" doctrine are
driven by the recognition that "[i]t was not intended
that the writ of habeas corpus should be availed of, as
matter of course, by intruders or uninvited meddlers,
styling themselves next friends."  Indeed, if there were
no restriction on "next friend" standing in federal
courts, the litigant asserting only a generalized
interest in constitutional governance could circumvent
the jurisdictional limits of Art. III simply by assuming
the mantle of "next friend."

*Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (citations

omitted).

For the reasons discussed, the Court DISMISSES this petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by

Christopher Donnelly as "next friend" on behalf of Bradley Manning,

Petitioner, for lack of jurisdiction.

SIGNED July 22, 2014.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

3